RAY, Judge,
concurring in judgment only.
I join the opinion of the majority in judgment only. I have no quarrel with the analysis included therein. However, I believe that the amendments to the Grandparent Visitation Statute enacted in 2012, particularly OCGA § 19-7-3 (d), which gives the right to the trial court to award visitation to grandparents over the custodial parent’s objection without finding that the child would be harmed without visitation, may well be unconstitutional.[2] Indeed, our Supreme Court found the Grandparent Visitation Statute in effect in 1995 to be unconstitutional when it did not include such a threshold finding by the trial court. Brooks v. Parkerson, 265 Ga. 189 (454 SE2d 769) (1995). However, given that it is not the role of this Court to make such a finding since consideration of the constitutionality of statutes is reserved exclusively to our Supreme Court, I join in the results reached by the majority herein. Certainly, our Supreme Court is likely to consider the constitutionality of this amendment to the Grandparent Visitation Statute in the near future, whether it is in this case or in a similar action.

 By no means do I intend to imply that I am hostile to grandparent visitation. My children have henefitted significantly by having the robust presence in their lives of their grandparents. As I will in the next decade likely join the grandparents’ club, I certainly hope to enjoy access to my grandchildren.